# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW BENKO, | ) | Case No. 1:16 CV 300 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CLEARING SOLUTIONS, LLC, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. # 9). Defendants seek dismissal on two grounds: lack of personal jurisdiction and failure to state a claim on which relief can be granted. For the reasons stated herein, the motion is GRANTED.

**I.    Facts**

Defendant states that it has no knowledge of the claims made by Plaintiff and seeks dismissal of the suit herein under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim on which relief can be granted and under Fed. R. Civ. Pro. 12(b)(2) for lack of personal jurisdiction. Plaintiff alleges, without providing a date or other context, that he received mail, a copy of which is attached to the complaint, offering him debt reduction or relief services.  The mailer is titled "certified benefits notice" and states "your tri-scored report reflects," gives a number for the alleged total debt, and offers to "resolve this distressed debt for as little" as a number that is less than a third of the total stated debt. (Amended Complaint, Exhibit A.)  According to Plaintiff, at

some point many months after having received the mailer, he called the number listed and spoke to an individual identified as James Kennedy. Kennedy told him that he could purchase debt invalidation services for the "low price of $896.78." (Amended Complaint, ¶ 25.) According to the Amended Complaint Kennedy "indicated" that he was "working on behalf of Hardship Assistance Center" which he described as "a 'clearing house of sorts for various law firms.'" (Amended Complaint, ¶ 20.) Kennedy "described various debt resolution services and then described debt invalidation to Plaintiff." (Amended Complaint, ¶ 24.) Kennedy further "indicated" that Clearing Solutions, LLC ("Defendant") was a document preparation company that would provide the debt invalidation services offered to Plaintiff. Plaintiff alleges that Kennedy offered to enroll him in Clearing Solutions' debt invalidation services; Plaintiff did not purchase services. (Amended Complaint, ¶ 25.)

Plaintiff, apparently on the strength of the piece of mail and the phone call, filed the instant complaint against Defendant, alleging generally, based on "information and belief," multiple violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*; the Ohio Consumer Sales Practices Act, O.R.C. § 1345 *et seq.*; the Ohio Telephone Solicitors Act, O.R.C. § 4719 *et seq.*; and the Ohio Credit Services Organization Act, O.R.C. § 4712 *et seq.*. (Complaint, ¶¶30—66.) Plaintiff further seeks multiple forms of relief including statutory damages; declaratory judgment; permanent injunctions; costs; attorney's fees; and further award for alleged mental and emotional hardship and embarrassment. (Complaint, ¶ 67, and Prayer for Relief a.–g.)

During the Case Management Conference, Plaintiff revealed that the Complaint was based on both more and less information than the allegations indicate. Counsel stated that Plaintiff may have received the mailer at some point in October 2014, but that he waited until approximately August of 2015 to call the number, and, at the direction of counsel, inquire who

sent it.  Counsel further revealed that some investigation had occurred to identify what entity requested Plaintiff's credit reports prior to sending the mailer; however the information was not included in the original or the Amended Complaint; counsel was unable to recall any identifying information about the entity; and had not brought a file with the information to the Case Management Conference.  Counsel further stated that, although allegations in the Complaint indicate that sending such mailers is Defendant's regular practice, neither counsel nor Plaintiff have actual knowledge or any other factual basis for the claim that other Ohio consumers have been sent such mailers to solicit business.

## II. Law and Analysis

### (a) Personal Jurisdiction

This Court follows "state law in determining the bounds of [its] jurisdiction over persons." *Daimler AG v. Bauman*, 134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014) (citing Fed. Rule Civ. Proc. 4(k)(1)(A)). Ohio's jurisdictional "long-arm" statute is "not coterminous with federal constitutional limits.  Thus, 'to establish a prima facie case of personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir.2012) (quoting *Estate of Thompson*, 545 F.3d at 361)); Under Ohio law, "a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 717–18.  Ohio's long-arm statute provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>> (1) Transacting any business in this state;

>(2) Contracting to supply services or goods in this state;
>(3) Causing tortious injury by an act or omission in this state;
>(4) Causing tortious injury in this state by an act or omission outside this state;
>(5) Causing an injury in this state to any person by breach of warranty . . .;
>(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons . . .;
>(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state . . . ;
>(8) Having an interest in, using, or possessing real property in this state;
>(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>. . .
>(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

O.R.C. § 2307.382. Although Plaintiff argues generally that this Court "has multiple avenues to find" personal jurisdiction "within the parameters of Ohio's Long Arm Statute" Plaintiff's arguments actually address only R.C. 2307.382 (A)(1) which provides that a court has jurisdiction over entities that transact "any business in Ohio." Plaintiff emphasizes the Ohio Supreme Court's interpretation of O.R.C. § 2307.382(A)(1) as a phrase "so broad" it has "engendered cases which have been resolved on 'highly particularized fact situations, thus rendering any generalization unwarranted." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994). Physical presence in the State of Ohio is not required. *Id.*

Although the clause is broad, both the Ohio Supreme Court and the Federal Sixth Circuit Court of Appeals have found that "the mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio." *United States Sprint Communications Co. Partnership v. K's Foods*, 68 Ohio St.3d 181, 185, 624 N.E.2d 1048 (1994) "For the purposes of personal jurisdiction, this court has long held the mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio" and *Burnshire Development, LLC*

4

*v. Cliffs Reduced Iron Corp.*, 198 Fed.Appx. 425, 431-432 (6th Cir.2006) "Similarly, as under the Constitution, mere solicitation of business in Ohio is insufficient to create jurisdiction."

Plaintiff has offered no affidavit or other support for his opposition to the motion to dismiss. In the absence of an affidavit or other support, this Court will, nevertheless, consider the pleadings in a light most favorable to plaintiff. *Serras v. First Tennessee Bank Nat'l Assn.*, 875 F.2d 1212, 1214 (6th Cir. 1989). Setting aside any potential deficiency in the Amended Complaint's broad allegations of statutory violations, with regard to personal jurisdiction Mr. Benko states that Clearing Solutions, acting through an agent of some kind, solicited his business in Ohio. During the case management conference counsel for Mr. Benko admitted that neither counsel nor plaintiff had any actual knowledge that any other person in the State of Ohio had received a mailer from Hardship Assistance Center which nullifies the allegation "on information and belief" that Clearing Solutions regularly directed the production of such mailers as a business practice. Mr. Benko has presented nothing support of his "belief" that Clearing Solutions engaged in purposeful activity directed to the State of Ohio. Instead, Mr. Benko asks that this Court conclude that because he called the number provided in a letter and spoke to James Kennedy who identified himself as an employee of the "Hardship Assistance Center" a "clearing house" for "various law firms" Kennedy was actually an employee of Clearing Solutions, LLC who illegally obtained information from his credit report and directed the creation and mailing of the letter.

Even liberally construing the allegations in the complaint, it is clear, at most, that someone who identified his employer as an entity other than Clearing Solutions offered to sell Mr. Benko services from Clearing Solutions, which Mr. Benko refused. Applying the law as reflected in the decisions of the Ohio Supreme Court, the act of soliciting business is not

sufficient to establish personal jurisdiction over a foreign corporation or nonresident under O.R.C. § 2307.382 (A)(1). *United States Sprint Communications Co. Partnership, supra; Wainscott v. St. Louis-San Francisco Ry. Co.*, 47 Ohio St.2d 133, 351 N.E.2d 466 (1976); *inter alia.*

In the absence of an enumerated basis of personal jurisdiction under Ohio's long-arm statute, this Court need not consider whether an exercise of jurisdiction in this instance satisfies the requirements of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. *Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006) ("As set forth above, we hold that the Ohio long arm statute is not satisfied in this case.  We thus have no reason to analyze whether the Fourteenth Amendment's Due Process Clause is a limitation on the exercise of personal jurisdiction."); *Conn v. Zakharov*, 667 F.3d. 705, 711-712 (6th Cir.2012).

### III. Conclusion

For the reasons stated above, Clearing Solutions, LLC's Motion to Dismiss for lack of personal jurisdiction is GRANTED.  Accordingly, the Amended Complaint is DISMISSED in its entirety.  Clearing Solutions, LLC's Motion to dismiss for failure to state a claim is MOOT.

**IT IS SO ORDERED**.

    */s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: April 18, 2016